**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NORMA ZUNIGA**, | **Case No.: 20-CV-4440 YGR** |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO TRANSFER VENUE AS MOOT** |
| v. | |
| **SAFEWAY, INC., ALBERTSONS' COMPANIES, INC.**, | **DKT. NO. 17, 18** |
| Defendants. | |

Plaintiff Norma Zuniga originally filed this action in the California Superior Court for the County of Alameda on May 13, 2020, alleging six claims against defendants Safeway Inc. and Albertsons' Companies, Inc.: (1) violation of the federal Occupational Safety and Health Act (29 U.S.C. § 654); (2) violation of the California Occupational Safety and Health Act; (3) negligence; (4) gross negligence; (5) fraudulent concealment of injury in violation of California Labor Code section 3602(b)(2); and (6) wrongful death. (Dkt. No. 1 ["NOR"], Exh. A.) On July 2, 2020, defendants filed their Notice of Removal with this Court. (*Id.*)

On July 7, 2020, plaintiff filed a First Amended Complaint in the state court.[1] The FAC essentially repeated the allegations of the original complaint, deleting plaintiff's claim for violation of the federal Occupational Safety and Health Act and adding claims for negligent undertaking and public nuisance.

Plaintiff has filed a Motion to Remand. (Dkt. No. 18.) Defendants have filed a motion to transfer venue pursuant to section 1404(a). (Dkt. No. 17.) The Court having carefully considered

---

[1] Plaintiff has filed a request for judicial notice of three documents. (Plaintiff's Request for Judicial Notice, Dkt. No. 18-1, ["RJN"].) Those documents are: her First Amended Complaint with a filed stamp indicating it was filed by fax in the state court on July 7, 2020 (Ex. A); the joint stipulation of the parties filed in this Court on November 20, 2020 (Ex. B); and a copy of defendants' Notice of Removal dated July 2, 2020, as filed with this Court at Docket No. 1 herein (Ex. C). The request for judicial notice is **GRANTED**.

the papers submitted, the pleadings in this action, and the matters judicially noticeable, and for the reasons set forth below, the Motion to Remand is **GRANTED** and the Motion to Transfer is **DENIED AS MOOT**.[2]

## I.   BACKGROUND

Plaintiff Norma Zuniga brings this action on behalf of herself and as successor-in-interest to Pedro Zuniga, her deceased husband, who died from complications of COVID-19 on April 13, 2020.  Plaintiff alleges that, before his death, Pedro Zuniga worked for defendant Safeway approximately 22 years as a material handler in the produce department of Safeway's Distribution Center located in Tracy, California.  Plaintiff alleges that, in March 2020, workers at the Distribution Center began to fall ill with COVID-19, but defendants mandated that they continue working, including working additional and longer shifts.  (FAC ¶ 26.)  Plaintiff further alleges that, by mid-March 2020, employees at the Distribution Center, including Pedro Zuniga, began complaining to their supervisors about the dangerous working conditions due to the virus. (*Id.* ¶ 27.)  Allegedly, "[t]hese complaints were met by superiors with threats of retaliatory disciplinary action, including the potential for accruing 'points' which could lead to termination." (*Id.*)  The FAC alleges that, by April 17, 2020, at least 51 employees or 3% of the approximately 1,700 employees at the Distribution Center, had tested positive for COVID-19.  (*Id.* ¶ 29.)

## II.   DISCUSSION

### A.   AMENDMENT OF COMPLAINT AND SUPPLEMENTAL JURISDICTION

The Ninth Circuit has held "[i]n determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citing *Great N. Ry. v. Alexander*, 246 U.S. 276, 281 (1918) (emphasis supplied).  "Removal is accomplished merely by a defendant filing a verified petition stating the facts which entitle him to removal,

---

[2]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **January 12, 2021**.

together with a copy of all process, pleadings and orders served upon him in the action, and a bond for costs." *Id.* at 1064 (citing 28 U.S.C. § 1446). "It is not necessary to secure an order from either the state or federal court in order to complete removal of the case." *Id.* Section 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Here, the original complaint filed by plaintiff in state court included a claim under the federal Occupational Safety and Health Act of 1970 (29 U.S.C. § 654) ("OSHA"). If the original complaint was the complaint as of the time of removal, there would be no question that it stated a basis for federal question jurisdiction. *See Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1131 (9th Cir. 2012) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits.") (internal citation omitted). However, Plaintiff contends that the NOR here is directed to the wrong complaint since she amended her complaint, and dropped the federal OSHA claim, by filing the FAC in the state court on July 7, 2020—*before* defendants' notice of removal was docketed there and, according to her argument, before the removal was effective.

Leaving aside the procedural merits of this argument, plaintiff has failed to offer *evidence* showing that the FAC was filed *before* the NOR was filed in the state court. Plaintiff relies on Exhibit C to her Request for Judicial Notice (Dkt. No. 18-1) for that proposition, though that document does not establish clearly that the notice of removal was filed with the state court before plaintiff filed her First Amended Complaint there. That said, defendants do not dispute that the FAC was filed in the state court before the NOR was filed there. Moreover, the parties have stipulated that the FAC is "the current operative pleading in this case." (Dkt. No. 16.)

As a general matter, the statutes allowing for removal jurisdiction are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). Any doubts as

to removability are resolved in favor of remanding the case to state court. *Id.* at 108–109. Given the circumstances of the filing of the FAC, there are doubts as to whether the original complaint (which included the federal OSHA claim) was the operative complaint *at the time the removal was effectuated*. However, ultimately, it makes no difference who won this particular race to the courthouse.

Even if the original complaint stating a federal OSHA claim provided a proper basis for removal, that claim has been dismissed and the remaining claims are all brought under state law. Stated otherwise, unless the remaining state law claims in the FAC establish a basis for federal question jurisdiction, the Court has discretion to remand those state law claims, over which it would have only supplemental jurisdiction pursuant to 28 U.S.C. section 1367(c)(3).[3] For the reasons stated below, the Court finds that the state law claims provide no basis for original federal jurisdiction here. The Court therefore declines to exercise supplemental jurisdiction over those claims and exercises its discretion to remand the claims to the state court.

**B.      Jurisdiction Based Upon A Substantial Federal Issue**

Defendants first argue that the state law claims necessarily raise substantial federal issues under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court has jurisdiction over claims asserted under state law "that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is:

---

[3] While post-removal amendments may not be used to avoid federal question jurisdiction or proper removal, *see Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir.2006), a court's continued exercise of jurisdiction over state law claims over which it has only supplemental jurisdiction under section 1367 is entirely discretionary. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988) (district court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . " in exercising discretionary pendent jurisdiction); *accord Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990); *see also* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

United States District Court
Northern District of California

(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Supreme Court has held that *Grable* and cases like it are exceptional, and only a "special and small category" of state-law claims give rise to federal-question jurisdiction. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "[R]epeated references" to federal law in a state law cause of action alone do not establish federal question jurisdiction. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (references to Title VII in state law causes of action "do not make those claims into federal causes of action"); *Christy v. Safeway, Inc.*, No. 20-CV-05409-EMC, 2020 WL 5759790, at *3 (N.D. Cal. Sept. 28, 2020) (operation of semi-tractor-trailer regulated by federal law and on federal highway system insufficient basis for federal question jurisdiction).

Defendants argue that the FAC (like the original complaint) includes specific references to federal guidelines and rests on allegations that defendants failed to comply with federal guidelines regarding COVID-19. (*See, e.g.* FAC at ¶¶ 23, 24, 37, 40(b), (c), (e).)[4] For example, plaintiff alleges that defendants breached their duties to Pedro Zuniga by failing to "comply with occupational safety and health guidelines; comply with food and drug Administration guidelines; implement an Infectious Disease Preparedness and Response Plan" and "[f]ailing to implement, promote, and enforce social distancing guidelines promulgated by the state and federal governments." (FAC ¶¶ 37, 40(b), (c), (e), (h).)

---

[4] Although the amended complaint removed the words "U.S." or "federal" in a few places, or changed certain words from upper- to lower-case (*e.g.*, "U.S. Food and Drug Administration guidelines" became "food and drug administration guidelines"), the FAC is reasonably read to continue the references in the original complaint to federal law, regulations, and guidance.

United States District Court
Northern District of California

Plaintiff's allegations are insufficient to establish that her claims "arise under" federal law. The FAC alleges that defendants were negligent because they failed to follow guidance and advice issued by "federal *and state* authorities" (FAC ¶ 25, emphasis supplied), failed to respond appropriately to workers' complaints regarding exposure or send home those who were exhibiting signs of COVID-19, failed to take prophylactic measures after an outbreak occurred, and threatened to retaliate against workers who were concerned they had symptoms or had concerns about the safety of their working environment (*id.* at ¶ 37).  Plaintiff alleges that defendants continued to send workers, including Pedro Zuniga, into "a dangerous and hazardous workplace without any protective measures in place in the midst of this pandemic, despite having knowledge of specific guidelines from *state and* federal agencies."  (*Id.* ¶ 52, emphasis supplied.)  The references to federal guidelines here are not substantial, disputed, "necessary[,] or essential" to plaintiff's claims. A claim supported by alternate theories is not sufficient for federal question jurisdiction unless federal law is essential to each of those theories. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action."), quoting *Guerra v. Carrington Mortg. Servs. LLC,* 2010 WL 2630278, at *2 (C.D. Cal. June 29, 2010).  Consequently, the Court does not find that defendants have established federal question jurisdiction on these grounds.

> **B.** **Jurisdiction Based Upon LMRA Preemption**

Next, defendants argue that plaintiff's claims that would require interpretation of a collective bargaining agreement ("CBA"), making them preempted under the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), commonly referred to as "section 301." *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (if the claim requires the court to interpret a CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if based on state law)  A claim is preempted if it concerns a right that "exists solely as a result of the CBA" or, if the right exists independently of the CBA, is nevertheless "substantially dependent on analysis" of it.  *Id.*  The need to reference or

United States District Court
Northern District of California

consult undisputed terms in a CBA does not constitute substantial dependence, *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994), nor does reliance on terms of the CBA as a defense "inject[ ] a federal question into an action that asserts what is plainly a state-law claim."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states," and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA.)

Here, plaintiff alleges that defendants failed to "ensure that their facility operations were conducted and managed in such a manner so as to safeguard the safety and well-being of their employees, including [Zuniga]" (*id.* ¶ 40(a)) and failed to establish an "effective injury prevention program" in violation of state law (*id.* ¶¶ 71-73).  Plaintiff further alleges that defendants threatened disciplinary action against Pedro Zuniga and others for attendance issues related to COVID-19 and for raising concerns about safe working conditions, "including the potential for accruing 'points' which could lead to termination."  (*Id.* ¶¶ 27, 40(p).)  Defendants contend these allegations implicate provisions of the CBA concerning excused and unexcused absences, management rights, and workplace safety, and would require interpretation of those CBA terms to resolve the claims.

Defendants fail to persuade.  Defendants have not demonstrated that adjudication of the claims here would be "substantially dependent" on interpretation of the CBA provisions, nor that alleged violation of a state statute requiring an effective safety program necessarily would be preempted by a CBA's provisions on workplace safety.  *See Curtis*, 913 F.3d at 1152 ("the Supreme Court has stressed that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'" (quoting *Livadas*, 512 U.S. at 123); *compare Burnette v. Godshall*, 828 F. Supp. 1439, 1446 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) (finding Labor Code section 6400 did not address workplace violence by co-workers, making determination of applicable standard of

care "substantially dependent on the CBA").[5]  Thus, LMRA preemption does not support the removal here.

### C.     Plaintiff's Request for Attorney Fees and Costs

Plaintiff seeks imposition of attorneys' fees and costs incurred in connection with removal. Courts have discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. section 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Removal is not objectively unreasonably solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (internal quotations and citation omitted).  Although the Court finds removal unsupported, it does not find the removal to have been objectively unreasonable.  The request is therefore denied.

### III.     CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Dkt. No. 18) is **GRANTED** on the grounds that the remaining state law claims in the operative FAC offer no basis for federal jurisdiction themselves, and the Court declines to exercise supplemental jurisdiction over them. Consequently, defendants' pending motion to transfer venue (Dkt. No. 17) is **DENIED AS MOOT**.

The Clerk of the Court is **DIRECTED** to remand this action to the Superior Court of California, County of Alameda.

This terminates Docket Nos. 17 and 18.

**IT IS SO ORDERED**.

Date: January 7, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5]  Defendants' citation to an unpublished decision of the Ninth Circuit Court of Appeals, *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572 (9th Cir. 2014) is contrary to Ninth Circuit Rule 36-3(c) and is not properly before the Court.

United States District Court
Northern District of California